## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | |
|---|---|
| RENA ANNE RAMNARINE<br>9510 Jaclyn Court<br>Laurel, Maryland 20723<br><br>Individually and on behalf of all similarly-situated individuals,<br><br>      *Plaintiff*,<br><br>   v.<br><br>RAINBOW CHILD DEVELOPMENT CENTER, INC.<br>8921 Race Track Road<br>Bowie, Maryland 20715<br><br> Serve:   Kim Terese Mitchell<br>           Resident Agent<br>           9610 Pamelia Place<br>           Fort Washington, Maryland 20744<br><br>   and<br><br>RAINBOW ACADEMY, INC.<br>8921 Race Track Road<br>Bowie, Maryland 20715<br><br> Serve:   Kim Terese Mitchell<br>           Resident Agent<br>           9610 Pamelia Place<br>           Fort Washington, Maryland 20744<br><br>   and<br><br>KIM T. MITCHELL, LLC<br>8921 Race Track Road<br>Bowie, Maryland 20715<br><br>Serve:   Kim Terese Mitchell<br>          Resident Agent<br>          9610 Pamelia Place<br>          Fort Washington, Maryland 20744<br><br>   and | Civil Action No.: 17-2261 |

KIM TERESE MITCHELL
9610 Pamelia Place
Fort Washington, Maryland 20744,

  *Defendants*.

## COMPLAINT

  Plaintiff, Rena Anne Ramnarine ("Plaintiff") on behalf of herself and all others similarly situated, brings this action against Defendants Rainbow Child Development Center, Inc. ("RCDC"), Rainbow Academy, Inc. ("RA"), Kim T. Mitchell, LLC ("KTM"), and Kim Terese Mitchell ("Mitchell")(collectively "Defendants") and alleges as follows:

### INTRODUCTION

  1. Plaintiff brings this action to address Defendants' violations of Plaintiff's rights under: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., § 3-501, *et seq*. Plaintiff brings this action under 29 U.S.C. §§ 207 and 216, on her own behalf and on behalf of all similarly situated present and former employees. Plaintiff also brings her claims under the MWHL and the MWPCL both individually and on behalf of Defendants' similarly situated present and former employees, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### JURISDICTION

  2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction), 29 U.S.C. § 216(b).

**THE DEFENDANTS**

3. RCDC and RA are incorporated under the laws of Maryland and do business primarily in Prince George's County, Maryland. RCDC and RA operate: (1) two and possibly three Preschools/Day Care Centers in Prince George's County, Maryland. RCDC and RA comprise an enterprise, as they have common ownership and a common purpose. They meet the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1), as they, either alone or collectively, have: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). RCDC and RA employed the Plaintiff and others similarly situated. RCDC and RA also meet the definition of "employer" as that term is defined in the FLSA, the MWHL and the MWPCL.

4. KTM is a limited liability company licensed to do business in Maryland and in fact does business in Prince George's County, Maryland. KTM owns the Preschool/Day Care facility located at 8921 Race Track Road, Bowie, Maryland 20715, the facility where the Plaintiff worked at all times relevant to the Complaint. As such, KTM is part of an enterprise also comprised of RCDC and RA. KTM meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1), because it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). KTM is also an employer of the Plaintiff and others similarly situated.

5. Mitchell is an Officer, Director, and owner of RCDC and RA. She is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because: (1) she is an owner of RCDC, RA and KTM; (2) she has operational control over RCDC, RA and KTM; (3) she controls the terms and conditions of Plaintiff's employment and that of others similarly situated, including compensation and pay practices; and (4) she has the ability to hire and fire Plaintiff and others similarly situated and she did in fact terminate the Plaintiff's employment from RCDC and RA.

## THE PLAINTIFF

6. Plaintiff is an adult resident of Howard County, Maryland and, during the three-year and two week period prior to filing the complaint, was employed by Defendants as a Preschool Teacher from August 10, 2006 to August 1, 2017, when she was terminated.

## STATEMENT OF FACTS

7. During the time Plaintiff and the others similarly situated were employed by Defendants as Preschool Teachers, they primarily engaged in child care duties for two year olds. During the three-year and two week period prior to filing this Complaint, Plaintiff and others similarly situated worked in excess of 40 hours per week and Defendants failed to compensate them for all hours worked and failed to pay them one and one half times their regular hourly rate for each hour over 40 that they worked.

8. Defendants currently employ approximately 30-40 Preschool Teachers.

9. During the three-year and two week period prior to filing this Complaint, from approximately September 1 to end of May of every year, Defendants required Plaintiff and others similarly situated to attend mandatory meetings on Wednesdays which lasted from one to two hours. Defendants failed to provide any compensation to Plaintiff and the others similarly situated

for the Wednesday meetings and did not allow them to count the time spent in the meetings as work time. Additionally, there were other mandatory meetings in which Plaintiff and the others similarly situated were required to attend, but for which Defendants either failed to pay any compensation or failed to pay the lawful compensation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

10.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid overtime compensation and minimum wages, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous present and former employees are similarly situated with regard to Plaintiff's claims for unpaid wages and damages, in that they have been denied proper wages and overtime compensation at some point during the three-year and two week period prior to the filing of this complaint.

11.     The class of individuals on behalf of whom Plaintiff brings this collective action are similarly situated because: (1) they were or are employed in the same or similar positions as Plaintiff; (2) they had the same or similar duties as Plaintiff; (3) they were subject to the same or similar unlawful payment practices and/or policies as Plaintiff; and (4) they have claims based upon the same legal theories. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. They may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

12.     Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has

retained counsel competent and experienced in complex employment class action and collective action litigation.

## CLASS ALLEGATIONS UNDER THE MWHL AND THE MWPCL

13.     Plaintiff also brings her claims individually and on behalf of the following class action under Fed. R. Civ. P. 23:

All individuals employed directly by Defendants as Preschool Teachers from July 27, 2014 to the present ("the Rule 23 Class").

14.     The potential members of the Rule 23 Class are so numerous that joinder of all members of the class is impracticable. On information and belief, the number of prospective Maryland Class Members, including present and former employees is about 50.

15.     Plaintiff will fairly and adequately represent and protect the interests of the prospective Rule 23 Class members. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage-and-hour cases. Questions of law and fact common to the class -- including whether Defendants violated the MWHL, and the MWPCL -- predominate over any questions affecting only individual members of the class. Plaintiff's claims are typical of the claims of the prospective class members. Because questions of law and fact common to the class predominate over any question affecting only individual members of the class, class certification is appropriate under Fed. R. Civ. P. 23.

## COUNT I
## VIOLATIONS OF THE FLSA

16. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

17. Defendants violated the FLSA by knowingly failing to pay Plaintiff and others similarly situated at one and one half times their regulate hourly rate for each hour over 40 that they worked and failing to pay them anything at all for some of the hours worked, including time spent in employer-mandated meetings. The precise amount owed to the Plaintiff and others similarly situated cannot be calculated at this time because she does not have access to the Defendants' time records. Once the Plaintiff obtains the time records through discovery, she will amend the Complaint.

18. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

19. Defendants are liable to Plaintiff and others similarly situated, under 29 U.S.C. § 216(b) of the FLSA, for her unpaid, and illegally withheld wages, overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL AND THE MWPCL

20. Plaintiff repeats and incorporates by reference all allegations set forth above.

21. Defendants failed to pay Plaintiff and the others similarly situated at one and one half times their regular hourly rate for each hour over 40 that they worked in a work week and failed to pay them at all for many employer-mandated meetings. The precise amount owed to the Plaintiff and others similarly situated cannot be calculated because they do not have access to the

7

Defendants' time records. Once the Plaintiff obtains the time records through discovery, she will amend the complaint.

22. Defendants knowingly, willfully and intentionally violated Plaintiff's rights, and the rights of those similarly situated, under the MWHL and the MWPCL, and Defendants' unlawful failure or refusal to pay the required wages was not the result of a bona fide dispute within the meaning of the MWHL or the MWPCL.

23. Defendants are liable to Plaintiff and other members of the Rule 23 Class pursuant to MWHL and the MWPCL for their unpaid and illegally withheld overtime and wage compensation for unpaid hours of work, treble damages, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III
## INDIVIDUAL LIABILITY FOR THE ACTIONS OF THE CORPORATIONS

24. Mitchell is the sole owner/member of RCDC, RA and KTM and she is actively engaged in their operations.

25. At the time this law suit was filed, RCDC, RA and KTM were not in good standing, as their corporate charters had been revoked.

26. Thus, Mitchell is individually liable for any judgment against RCDC, RA or KTM.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a) Certify this case as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b);

b) Certify the Rule 23 Class pursuant to Fed. R. Civ. P. 23(b)(3);

c) Enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff and all similarly situated employees, based on Defendants' violations of the FLSA, in the amount of the Plaintiff's respective unpaid wages and illegally withheld overtime wages, plus liquidated damages pursuant to 29 U.S.C. § 216(b);

d) Enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Rule 23 Class, based on Defendants' violations of the MWHL and the MWPCL, in the amount of each Rule 23 Class member's unpaid and illegally withheld overtime wages, illegally withheld wages and treble damages under the MWHL and the MWPCL;

e) Award Plaintiff and the Rule 23 Class their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (d) and 3-507.2;

f) Permanently enjoin Defendants from committing further violations of the FLSA, the MWHL and the MWPCL; and

g) Grant such other and further relief as may be appropriate.

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy
Maryland Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*