IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RENA ANNE RAMNARINE, | * |
| *Plaintiff*, | * |
| v. | * Civil Case No.: RWT 17-2261 |
| RAINBOW CHILD DEVELOPMENT CENTER, INC., *et al.*, | * |
| *Defendants*. | * |

## MEMORANDUM OPINION AND ORDER

On August 9, 2017, Plaintiff Rena Anne Ramnarine ("Ramnarine") filed a Complaint against Defendants Rainbow Child Development Center, Inc., Rainbow Academy, Inc., and Kim Terese Mitchell, alleging, individually and on behalf of others similarly situated, that Defendants failed to pay proper regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (2012), the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-415 (West 2017), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. Art. §§ 3-501–509 (West 2017). ECF No. 1. On September 28, 2017, Defendants filed a Motion to Dismiss the Complaint. ECF No. 13. On October 10, 2017, Ramnarine timely filed an Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). ECF No. 18. The Court subsequently denied Defendants' Motion to Dismiss as moot. ECF No. 20.

The parties proceeded to discovery, which was scheduled to end on March 30, 2018 according to the original Scheduling Order.[1] ECF No. 25. On January 29, 2018, Ramnarine filed a Motion and Memorandum for Leave to File a Second Amended Complaint ("Motion for Leave to Amend"). ECF No. 35. Defendants timely filed their Opposition. ECF No. 41. Ramnarine then timely filed her Reply. ECF No. 45. For the reasons discussed below, the Court will deny Ramnarine's Motion for Leave to Amend.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In fact, such leave 'should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). The decision whether to grant leave to amend rests "within the sound discretion of the district court." *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (citing *Foman v. Davis,* 371 U.S. 178 (1962)).

In support of her Motion for Leave to Amend, Ramnarine asserts that leave should be granted because the proposed Second Amended Complaint ("PSAC") does not "materially chang[e] the facts of the case or add[] any new claims." ECF No. 35 at 1. In particular, Ramnarine states that she seeks to leave to (1) correct typographical errors, (2) eliminate any discussion of Kim T. Mitchell LLC ("KTM") as part of the enterprise, and (3) "make minor adjustments to the allegations regarding the collective under the FLSA and to redefine the Rule 23 class to bring it in line with the FLSA collective . . . ." *Id.*

---

[1] On March 8, 2018, Magistrate Judge Gina L. Simms granted Plaintiff's Motion to Extend Discovery (ECF No. 53), and the parties now have until May 15, 2018 to complete discovery. ECF No. 55.

Defendants' Opposition focuses on the third category of proposed amendments, i.e., the allegedly "minor adjustments" to the purported class. Ramnarine seeks to add three employee categories to those that she alleges are similarly situated to her in her capacity as a Preschool Teacher ("PT"): Infant and Toddler Teachers ("ITTs"), Assistants to Preschool Teachers ("APTs"), and Infant Toddler Teacher Assistants ("ITTAs"). ECF No. 35-3 at 3–4. Defendants argue that the addition of these categories to the purported class is not a minor adjustment at all but in fact expands the scope of the class such that prejudice to Defendants would result. ECF No. 41 at 4–7. Even if the Court were to find that the amendments would not be prejudicial, Defendants argue that the proposed changes would be futile because the PSAC fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 7–9. The Court agrees with both arguments.

A court determines whether a proposed amendment will be prejudicial to the opposing party by considering "the nature of the amendment and its timing." *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2009 WL 482474, at *6 (E.D. Va. Feb. 24, 2009). If the opposing party "has notice of the events giving rise to the action at the outset," then amendments "under the same theory of the case" should be allowed, even if they "add[] an additional theory of recovery to the facts already pled." *Id.* (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). The closer a case progresses toward trial, the more likely the amendment will prejudice the defendant. *Laber*, 438 F.3d at 427.

Ramnarine's proposed changes to the purported class are not minor, notwithstanding her assertions otherwise. She seeks to add three employee classifications, the result of which would materially alter the nature of the case. The Amended Complaint establishes clearly and concisely that the employees allegedly similarly situated to Ramnarine are those "employed by

3

Defendants as Preschool Teachers," who "primarily engaged in child care duties for two year olds." ECF No. 18, ¶ 7. Ramnarine reiterates the narrow scope of the purported class—PTs—under the MWHL and MWPCL class allegations, defining the class as "[a]ll individuals employed directly by Defendants as Preschool Teachers from July 27, 2014 to the present." *Id.* ¶ 16. To add three employee positions with different job descriptions and responsibilities, *see* ECF No. 41 at 6, would go well beyond merely clarifying the FLSA collective and bringing the Rule 23 class in line, as Ramnarine argues it does, *see* ECF No. 45 at 1–2. It would in effect expand the clearly-stated narrow scope identified in the Amended Complaint in a significant way, thereby forcing the Defendants to defend against whole new sets of facts of which they had no notice until Ramnarine filed her Motion for Leave to Amend.[2] To do so, moreover, at such a late hour when discovery is supposed to be winding down would only exacerbate the prejudicial impact on the Defendants. The parties have already completed a significant amount of discovery, including the production of written discovery responses and the deposition of key witnesses. *See* ECF No. 41 at 7. The proposed amendments would require the Defendants to incur additional expenses and expend resources in order to address the new set of facts related to each new employee category. To permit the amendments, then, would result in prejudice to the Defendants. Accordingly, the Court will deny Ramnarine's requested leave.

Even if the Defendants would not be prejudiced by the proposed amendments, however, the Court would still deny leave to amend based on futility. Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). "Leave to amend should be denied on the ground of futility only when the

---

[2] The Court makes no determination as to whether PTs would be exempt from overtime compensation under the FLSA as the Defendants assert. *See* ECF No. 41 at 6. The Court only notes that the three proposed additional employee positions have different job responsibilities than those of PTs such that the Defendants would have had no notice of their inclusion in the purported class based on the Amended Complaint.

proposed amendment is clearly insufficient or frivolous on its face." *Cappetta*, 2009 WL 482474, at *4 (citing *Davis*, 615 F.2d at 613). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, courts must consider "all well-pleaded allegations in a complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe all factual allegations in the light most favorable to the plaintiff." *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint must put forth "plausible claim[s] for relief." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In determining whether a plaintiff successfully states a plausible overtime claim under the FLSA, MWHL, and MWPCL, the Fourth Circuit has held that plaintiffs must "provide factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). This means that plaintiffs "must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay," but it does not require that plaintiffs "identify a *particular* week." *Id.* (emphasis in original). Plaintiffs need only to "provide some factual

context that will 'nudge' their claims 'from conceivable to plausible.'" *Id.* (quoting *Dejesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). To accomplish this, plaintiffs "must provide detail about the length and frequency of their unpaid work," such that the court can make a reasonable inference "that they worked more than forty hours in a given week." *Id.* (quoting *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)); *see also Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014) (finding plaintiffs' pleadings failed to state overtime wage claim because "[n]one of the named plaintiffs ha[d] alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours").

Ramnarine's PSAC fails to meet this lenient standard. The PSAC states in conclusory fashion that, in the relevant time period, "Plaintiff and others similarly situated worked in excess of 40 hours per week and Defendants failed to compensate them for all hours worked and failed to pay them one and one-half times their regular hourly rate for each hour over 40 that they worked." ECF No. 35-3, ¶ 7. It goes on to state Ramnarine's regular hourly rate of pay as well as her overtime rate, but fails to do so for the ITTs, APTs, and ITTAs. *Id.* The PSAC then alleges that Ramnarine and others similarly situated, naming explicitly only the PTs and the APTs, were required by Defendants to attend mandatory meetings on Wednesdays, for which they were not properly compensated. *Id.* ¶ 8. Additionally, Ramnarine and the others similarly situated, this time not naming explicitly any of the positions, were required to attend other mandatory meetings for which they were also not properly compensated. *Id.* The PSAC lists specific weeks that Ramnarine attended these mandatory weekly meetings and weeks that she worked more than forty hours and was not compensated for her overtime, but it does not provide

any specific weeks in which the other identified positions worked more than forty hours and were not paid for that overtime. *Id.* ¶¶ 9, 10.

These allegations fail to meet the required pleading standard because they provide no "factual context that" would "'nudge' the[] claims 'from conceivable to plausible.'" *Hall*, 846 F.3d at 777. Unlike for Ramnarine, the PSAC does not put forth any facts for the Court to reasonably infer that the ITTs, APTs, and ITTAs worked more than forty hours in any given week. It does state that APTs were required to attend mandatory meetings on Wednesdays, but it does not allege that attendance at those meetings required the APTs to work more than forty hours during those weeks. For the other two positions, it provides no factual allegations whatsoever that the Court could use to conclude that they too worked more than the forty hours expected for a given week. The PSAC merely alleges that ITTs, APTs, and ITTAs worked in excess of forty hours per week without receiving overtime pay, a conclusory statement that the Fourth Circuit has made clear does not pass Rule 12(b)(6) muster. *See Hall*, 846 F.3d at 777. The pleadings have to allege something more, which they fail to do in this instance. *Id.*

This case is similar to that of *Davis v. Abington Memorial Hospital*, which the Fourth Circuit favorably cites in *Hall v. DIRECTV, LLC* in its explanation of the pleading standard for FLSA overtime cases. *See Hall*, 846 F.3d at 777. In *Davis*, the Third Circuit found that the plaintiffs' pleadings failed to state a claim for overtime because "[n]one of the named plaintiffs ha[d] alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." *Davis*, 765 F.3d 236, 243 (3d Cir. 2014). The court explicitly stated that by concluding as such it was not holding that a plaintiff "must identify the exact dates and times that she worked overtime." *Id.* Rather an allegation that a plaintiff "'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and

7

was not compensated for extra hours beyond the forty hours he or she worked during one or more of *those* forty-hour weeks" would have been enough. *Id.* But because the plaintiffs in that case failed to meet even that standard, their claims were insufficient. The same is true here. Ramnarine's PSAC fails to state that the purported plaintiffs worked extra hours in a week in which they were only supposed to work forty hours, and for which they were not properly compensated. As in *Davis*, Ramnarine's allegations are therefore insufficient.

Because the PSAC fails to allege any facts from which the Court could reasonably infer that the ITTs, APTs, and ITTAs have a claim against Defendants, the proposed amendments would be futile. Based on this futility, in addition to the prejudicial effect the PSAC would have on the Defendants, the Court will deny Ramnarine's Motion for Leave to Amend.

Accordingly, it is, this 9th day of March, 2018, by the United States District Court for the District of Maryland hereby

**ORDERED**, that Ramnarine's Motion for Leave to File Second Amended Complaint [ECF No. 35] is **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE