# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RENA ANNE RAMNARINE,** | * |
| *Plaintiff,* | * |
| v. | * Civil Case No.: RWT 17-2261 |
| **RAINBOW CHILD DEVELOPMENT CENTER, INC.,** *et al.*, | * |
| *Defendants.* | * |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint to Conform the Pleadings to the Evidence Obtained from Defendants in Discovery ("Motion for Leave"), filed on May 22, 2018. ECF No. 79. Plaintiff filed the original Complaint in this case on August 9, 2017. ECF No. 1. On October 10, 2017, after Defendants filed a Motion to Dismiss the Complaint (ECF No. 13), Petitioner filed an Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). ECF No. 18. The Court subsequently denied Defendants' Motion to Dismiss as moot. ECF No. 20. The parties proceeded to discovery, the deadline for which was extended twice by Magistrate Judge Gina L. Simms and which was completed on May 31, 2018. ECF No. 55; ECF No. 77. On January 29, 2018, Plaintiff filed her first Motion for Leave to File a Second Amended Complaint. ECF No. 35. While that Motion was pending, Plaintiff filed a second Motion for Leave to File a Third Amended Complaint. ECF No. 56. The Court denied Plaintiff's Motion for Leave to File a Second Amended Complaint on March 9, 2018, concluding that Plaintiff's proposed Second Amended Complaint at that time would be prejudicial to Defendants and, in any event, would be

futile. ECF No. 59. Following the Court's disposal of Plaintiff's Motion, Plaintiff withdrew her Motion for Leave to File a Third Amended Complaint.

In her Motion for Leave now before the Court, Plaintiff requests leave to file a proposed Second Amended Complaint ("PSAC") that, Plaintiff asserts, "simply makes the allegations more specific, based on the receipt of a complete copy of the payroll records in May, 2018." *Id.* at 2. Plaintiff acknowledges, however, that the PSAC adds an allegation "that Plaintiff was uncompensated for her attendance at the Mother's Day Annual Recital." Plaintiff asserts in conclusory fashion that "Defendants were well aware of this issue as they conducted discovery on it," and that "the issue was raised in Plaintiff's proposed Third Amended Complaint (which was withdrawn) and in her Motion for Conditional Certification." *Id.*

Defendants filed their Opposition to Plaintiff's Motion for Leave on June 5, 2018. ECF No. 87. Defendants argue that the Court should deny the Motion for Leave because it (1) would prejudice Defendants and be futile, and (2) was filed in bad faith. *Id.* at 4. The Court agrees that granting leave would prejudice Defendants.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In fact, such leave 'should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). The decision whether to grant leave to amend rests "within the sound discretion of the district court." *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (citing *Foman v. Davis,* 371 U.S. 178 (1962)).

A court determines whether a proposed amendment will be prejudicial to the opposing party by considering "the nature of the amendment and its timing." *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2009 WL 482474, at *6 (E.D. Va. Feb. 24, 2009). If the opposing party "has notice of the events giving rise to the action at the outset," then amendments "under the same theory of the case" should be allowed, even if they "add[] an additional theory of recovery to the facts already pled." *Id.* (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). The closer a case progresses toward trial, the more likely the amendment will prejudice the defendant. *Laber*, 438 F.3d at 427. "Delay alone, however, without any specifically resulting prejudice . . . should not suffice as reason for denial." *Davis*, 615 F.2d at 613.

Plaintiff's addition of the new allegation in the PSAC that Plaintiff was uncompensated for her attendance at the Mother's Day Annual Recital would result in prejudice against Defendants. It adds a new set of facts to the action of which Defendants did not have fair notice. The purpose of a complaint is "to give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff's attempt to include this allegation at this late hour of the litigation, after failing to include it in her original Complaint or Amended Complaint when presumably she had knowledge of her attendance at that event since at least 2014, *see* ECF No. 79-2 at 5, undermines the essential requirement of providing Defendant with that fair notice of the claim.

The fact that Plaintiff included references to her uncompensated attendance at the annual recital in her proposed Third Amended Complaint ("PTAC") (ECF No. 56-1) and Motion for Conditional Class Certification to Facilitate Notice Under the Fair Labor Standards Act ("Motion

3

for Class Certification") (ECF No. 43) does not mitigate the resulting prejudice because Petitioner ultimately withdrew her PTAC and the Motion for Class Certification is not a pleading. Although references to the allegation in these documents may have provided some kind of notice, it certainly was not fair notice in line with the purpose served by a complaint. It would be unfair for the Court to hold Defendants responsible to defend against claims not included in the operative complaint just because they were mentioned in other filings. Based on the Amended Complaint, which has been the only operative pleading since October 10, 2017 through the close of discovery on May 31, 2018, there was no reason for Defendants to think that the allegation of uncompensated attendance at the Mother's Day Annual Recital was part of Plaintiff's claim.

The Court finds that because the allegation would add a new set of facts requiring Defendants' expenditure of resources to sufficiently respond and Plaintiff delayed her coming forth with the allegation until a week before the end of discovery, permitting leave to amend would prejudice Defendants. *See Cappetta*, 2009 WL 482474, at *6 (citing *Laber*, 438 F.3d at 427; *Davis*, 615 F.2d at 613). Accordingly, the Court will deny Plaintiff's Motion for Leave.

The other changes included in the PSAC do not justify granting leave in this instance. As Plaintiff notes, the PSAC "simply makes the allegations more specific," by providing dates and additional details in support of the allegations already included in the Amended Complaint. ECF No. 79. At this stage in the litigation, there is no substantive reason to amend a complaint to include those details. Defendants have already submitted a Motion for Summary Judgment, ECF No. 84, and Plaintiff has informed the Court that she plans on filing a Cross-Motion for Summary Judgment, ECF No. 83. At the dispositive motions stage, parties are expected to go beyond their pleadings and provide specific evidence to support the general allegations included

4

in their pleadings.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 25 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1985).  The appropriate time to provide the details included in the PSAC, therefore, is in her Opposition to Defendant's Motion for Summary Judgment or in her Cross-Motion for Summary Judgment.  To permit the amendments would require Defendants to expend additional resources responding to the PSAC, in addition to the resources they will expend in response to a dispositive motion, without any substantive benefit to Plaintiff.  It would be prejudicial to Defendants to force them to expend those unnecessary resources.[1]

Because the PSAC adds a new allegation that would require Defendants to respond to a new set of facts of which they did not have fair notice, the additional details regarding the other allegations are unnecessary, and discovery has already been completed, the Court finds that the PSAC would prejudice Defendants and will therefore **DENY** Plaintiff's Motion for Leave (ECF No. 79).  A separate order will follow.


Date: June 7, 2018                                              /s/
                                                   ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Defendants argue that the late timing of Plaintiff's Motion for Leave suggests bad faith by Plaintiff because "Plaintiff is attempting to sneak the new dance recital allegation into the complaint by burying it in pages of unsupported underpayment allegations." ECF No. 87 at 7. Given this, Defendants ask the Court to issue an order permitting Defendants an opportunity to file a petition for attorneys' fees. *Id.* Although the circumstances here might suggest bad faith, the Court is not prepared to conclude as such at this time and will not issue such an order.