IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RENA ANNE RAMNARINE, | * |
| Plaintiff, | * |
| v. | *  Case No.: DKC-17-2261 |
| RAINBOW CHILD DEVELOPMENT CENTER, INC., *et al.*, | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wages case are Defendants' objections (ECF No. 180) to Magistrate Judge Quereshi's Report and Recommendation ("R&R") (ECF No. 176) on Plaintiff's motion for attorneys' fees and costs. (ECF No. 180). Plaintiff Rena Anne Ramnarine also filed a Second Supplement to Motion for Attorneys' Fees and Costs, requesting additional fees incurred in connection with responding to Defendants' objections to the R&R. (ECF No. 182). The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' objections will be overruled, the R&R will be adopted, and Plaintiff's supplemented motion will be granted. The court will award $153,341.40 in attorneys' fees, expenses, and costs.

I. **Background**[1]

Plaintiff Rena Anne Ramnarine was employed as a preschool teacher by Defendants, who failed to pay her wages due for hours worked. (ECF Nos. 122, 145). Ms. Ramnarine filed two lawsuits in 2017 against Defendants: (1) a putative class action for failure to pay regular and overtime wages under federal and Maryland state law; and (2) retaliatory discharge in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 215(a)(3).[2] Summary judgment was granted to Defendants in the retaliatory discharge suit in July 2018, and the decision subsequently was affirmed on November 6, 2019 by the United States Court of Appeals for the Fourth Circuit. (*See* PWG 17-2262, ECF Nos. 41, 49; ECF No. 122, at 1 n.4). In this case, summary judgment was granted on some claims, conditional certification was denied, and only one claim remained to be resolved at a bench trial—her unpaid wages claim under the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501-509. (ECF Nos. 84, 90, 96, 122).

---

[1] A more detailed background of the case may be found in prior opinions and is not detailed in full here. (*See* ECF Nos. 59, 88, 96, 122).

[2] Both cases were transferred to the Honorable Paul W. Grimm in February 2018 after the Honorable Roger W. Titus had made numerous rulings. (PWG-17-2261; PWG-17-2262). This case was transferred recently to the undersigned after Judge Grimm's retirement at the end of 2022.

A bench trial was held on June 7-9, 2021, and judgment was entered in favor of Plaintiff for $2,389.50, together with reasonable attorneys' fees and costs. (ECF No. 145). Plaintiff then filed her motion for attorney fees and costs, to which Defendants responded, and she replied, adding a supplemental filing. (ECF Nos. 154, 155, 165, 166, 170, 171, 172). Plaintiff ultimately requested a total award of $179,947.38, consisting of attorney's fees of $156,775.83 and costs of $23,171.55. (ECF No. 172). Judge Grimm referred the motion to Magistrate Judge Quereshi for preparation of a Report and Recommendation. (ECF No. 175).

Magistrate Judge Quereshi issued his R&R on November 4, 2022. (ECF No. 176). He recommended that Plaintiff's counsel be awarded $127,573.63, which reflected a reduction in the hourly rates of the attorneys and paralegals as well as the exclusion of some hours related to the preparation of the fee petition and post-summary judgment dispositive motions. He further recommended a reduction in Plaintiff's requested costs of $81.25 for an award of $23,090.30. Defendants timely objected, requesting the court reject the R&R, deny the motion for attorney's fees in its entirety or reduce the requested award by 80% and significantly reduce the award of costs. (ECF No. 180). Plaintiff asks the court to deny Defendants' objections, adopt the R&R, and award her the recommended $150,663.93 in fees, expenses, and costs, and grant her supplemental motion for $2,677.50 for time expended responding

3

to Defendants' objections and drafting the supplement. (ECF Nos. 181, 182).

## II. Standard of Review

The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir. 2007); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985)(noting that the failure to object releases the court from its duty independently to review the magistrate judge's report).

In the absence of an objection, the court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3)).

## III. Analysis

A court may award attorneys' fees and costs to employees who prevail in an MWPCL case, and the amount of fees awarded "is within the sound discretion of the trial court." *Burnley v. Short*, 730

4

F.2d 136, 141 (4th Cir. 1984); *see* Md. Code Ann., Lab. & Empl. § 3-507.2(b) ("If . . . a court finds that an employer withheld the wage of an employee in violation of this subtitle . . . the court may award the employee . . . reasonable counsel fees and other costs."). The touchstone for the calculation of an award of fees is reasonableness. *See Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243-44 (4th Cir. 2009). The court has reviewed the record, the caselaw, and the R&R and found no clear error that would lead the court to reject the R&R wholesale as Defendants request. Each specific objection to the R&R will be reviewed de novo, followed by an evaluation of Plaintiff's supplemental request for fees.

   **A.   R&R**

Defendants generally repeat the same objections they lodged in their response to Plaintiff's motion for attorney's fees and costs, namely that Plaintiff's request for fees is excessive in light of only prevailing on one of five claims, and the resulting judgment was less than the amount Defendants initially paid to Plaintiff to resolve the dispute without litigation. (ECF No. 180, at 2, 7). Defendants' specific objections to the R&R include the following: (1) on pages 2 and 16 of the report, the magistrate judge erred in his characterization of Defendants' efforts to settle the case (ECF No. 180, at 3-5); (2) on page 19 of the report, the magistrate judge misunderstood Defendants' objection to the excessive and duplicative time spent on trial preparation

by Mr. Melehy (*id.*, at 5); (3) on pages 25 and 26, the magistrate judge erred in accepting the reductions offered by Plaintiff, which did not go far enough, in part because the judgment represented only 1.8% of the recommended attorneys' fees (*id.*, at 5-6); and (4) the magistrate judge erred in awarding costs for all the depositions and printing because the judgment was based solely on one claim, and the burden of proof was improperly shifted to Defendants (*id.*, at 6-7).

### 1. Objection 1 – mischaracterization of settlement efforts

Defendants state that "[t]he Magistrate Judge's statement that Ms. Mitchell reviewed the payroll records and sent Plaintiff a check for an amount greater than the amount of the judgment entered in the case, is not accurate." (ECF No. 180, at 3). Also, "[t]he statement that Defendants offered to settle the case on two occasions for $3,000 or slightly less than this amount, is not accurate." (*Id.*, at 4). Defendants argue that Plaintiff's refusal to settle the case unreasonably prolonged the litigation and unnecessarily resulted in excessive attorneys' fees, which should not be reimbursed, specifically 200 hours expended on trial preparation after the last mediation session. (*Id.*, at 5).

The first statement is a direct quotation from Defendants' response in opposition to Plaintiff's motion for fees. (ECF No. 176, at 2 (quoting ECF No. 165, at 1)). It is part of the magistrate

6

judge's background discussion regarding the parties' blaming each other for the prolonged litigation. The magistrate judge continued to detail the ongoing events in the case and the efforts made to mediate and settle the case, including a referral to mediation in December 2017, and an unsuccessful mediation shortly before trial. (ECF No. 176, at 2-5). The second statement is part of the magistrate judge's analysis of the settlement negotiations, citing to the parties' briefing. (*Id.*, at 16). Defendants' brief refers to attending two mediation sessions before trial, during which they made reasonable offers, but "Plaintiff demanded an amount for herself greater tha[n] the amount awarded in judgment, and attorneys fees." (ECF No. 165, at 10). Plaintiff's brief describes the initial check deposit of $2,525.53 being returned, a Rule 68 offer of judgment for $3,000.00, and a mediation in 2018 that quickly ended due to Defendants' refusal to pay any attorney's fees. (ECF No. 170, at 5-6). The statement made in the R&R is consistent with the parties' briefs it cites. Therefore, the court finds no factual error and overrules Defendants' objection challenging the accuracy of the factual background.

Further, as Plaintiff notes in her response to Defendants' objection, the amount of the 2018 settlement offer was not revealed to the magistrate judge, nor did Defendants make the argument that the 200 hours expended after that offer were necessarily unreasonable. (*See* ECF No. 181, at 3-4; ECF No. 165, at 10).

Based on his consideration of the record, the magistrate judge stated: "I cannot conclude that the failure of settlement negotiations was due to Plaintiff's failure to seriously engage in settlement negotiations or a desire to unnecessarily prolong the litigation." (ECF No. 176, at 16). Having reviewed the record and the magistrate judge's reasoning, the court adopts the magistrate judge's analysis and conclusion. Defendants' objection is overruled.

### 2. Objection 2 – duplicative time spent on trial preparation

Defendants contend that the magistrate judge misunderstood their objection to the excessive and duplicative time spent on trial preparation and trial by Mr. Melehy. (ECF No. 180, at 5). Defendants argue that Mrs. Melehy was replaced with Mr. Melehy at trial but assert that the magistrate judge "misunderstood this argument and stated that Defendants' argument was that Mrs. Melehy was replaced by Mr. Balashov, the junior associate." (*Id.* (citing ECF No. 176, at 19)). In the R&R, the magistrate judge discusses three arguments made by Defendants regarding the amount of time spent in preparation for and attendance at trial. (ECF No. 176, at 19). Defendants are correct that the magistrate judge identifies Mr. Balashov as the attorney who replaced Mrs. Melehy, requiring him to repeat much of the work Ms. Melehy had performed.

8

(*Id.* (citing ECF No. 165, at 11-12)). In Defendants' brief, however, they stated:

> A review of the billing records reveals that m[o]st of the work on the dispositive motions was duplicative, or the records are not sufficiently detailed to distinguish between the actual tasks performed by Mr. Melehy and Mr. Balashov.
>
> . . . .
>
> Plaintiff seeks attorney's fees for two attorneys at trial, Mr. Melehy and Andrew Balashov. She asserts that while Mr. Melehy was the lead attorney, Mr. Balashov played an important role of giving advice, taking notes and presenting exhibits.
>
> Plaintiff's request for 100.2 hours for preparation for trial is excessive because of staffing decisions made by the Plaintiff. Plaintiff billed extensively at the beginning of the case for determining the unpaid wages for the straight time claim. From the billing records, it appears that Mrs. Melehy was the lead attorney in determining the damages and taking the depositions, including Plaintiff's deposition. It appears that m[o]st of this work had to be duplicated as Plaintiff's counsel prepared for trial and Mr. Melehy prepared for trial and Mr. Balashov took on a more active role in compiling exhibits for trial and to help prepare for trial. Thus, three attorneys had to take time on a single simple issue for trial, which necessarily involved overlap, all due to internal staffing decisions. Defendants also object to any payment of fees for Mr. Balashov's role at trial.

(ECF No. 165, at 11-12). Defendants then continued with an objection to the amount of time Mr. Melehy spent on the fee petition. (*Id.*, at 12). If the magistrate judge misunderstood

9

Defendants' contention, it is with good reason. From Defendants' brief, it appears that the main objection is to Mr. Balashov, and generally to Plaintiff's "staffing decisions," but it is not clear that Mr. Melehy replaced Mrs. Melehy at trial.

Regardless, the magistrate judge reasoned that "[a]bsent the identification of any specific entries which are excessive, I cannot agree with Defendants' argument." (ECF No. 176, at 19). Defendants are required to "specify with particularity the basis for their objections." *Thompson v. United States Dep't of Housing and Urban Dev.*, No. MGJ-95-309, 2002 WL 31777631, at *9 (D.Md. 2002) (citing *Stacy v. Stroud*, 845 F.Supp. 1135, 1144 (S.D.W.Va. 1993)). Nevertheless, the magistrate judge went on to analyze the work performed by Mr. Balashov, discussed the propriety of attendance at trial by two attorneys, and ultimately reduced the rate for Mr. Balashov's trial time to $180 per hour. (*Id.*, at 19-21).

Having reviewed the record and the magistrate judge's reasoning, the court adopts the magistrate judge's analysis and conclusion. Defendants' objection is overruled.

### 3. Objection 3 – insufficient reductions

Defendants object to the magistrate judge's acceptance of Plaintiff's voluntary reductions based on her relative success and argue that the "reductions did not go nearly far enough." (ECF No. 180, at 5-6). Defendants argue that this case is not similar

10

to those cited by the magistrate judge because Plaintiff actually received less in the 2021 judgment ($2,389) than the amount Defendants had initially deposited into her account ($2,525) and which was returned to them by her attorneys before litigation commenced. (*Id.*, at 6 (noting that the judgment award represents only 1.8% of the recommended attorneys' fees)).

The magistrate judge considered Defendants' argument that because Plaintiff prevailed on only one of her initial five claims, most of the fees she requested should be reduced by 80 percent. (ECF No. 176, at 22-23 (referencing ECF No. 165, at 9-10)). Defendants provided no authority to support a pro-rata reduction, and the magistrate judge noted that the Supreme Court of the United States has expressly rejected any requirement for fee awards to be proportionate to the amount of damages recovered. (*Id.*, at 23 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). Importantly, Defendants had acknowledged the Supreme Court case without responding to it in their brief, and Defendants continue to provide no authority to support their position. The magistrate judge cited multiple examples of cases with attorney's fees awarded that were multiples of the damages awarded to plaintiffs, and many of them were greater than here. (*Id.*, at 26-27 (citing cases)).

The court has reviewed the cases cited by the magistrate judge and finds no error in the reasoning or decision to accept

11

Plaintiff's voluntary reductions under the circumstances of this case. Defendants' objection is overruled.

### 4. Objection 4 – costs should have been reduced

Defendants object to the deposition costs of Plaintiff's coworkers related to claims on which Plaintiff did not prevail, $1,194 for the expedited transcript of Kim Mitchell, and $3,622 in printing costs. (ECF No. 180, at 6-7). Defendants argue that the magistrate judge improperly shifted the burden of proof to Defendants to prove that the transcripts were not necessary. (*Id.*, at 7). Plaintiff notes that Defendants did not oppose the deposition costs and have waived the right to make that argument now. (ECF No. 181, at 8 (citing *Doe v. Chao*, 306 F.3d 170, 183 (4th Cir. 2002)). However, *Doe* does not require the court to find that Defendants' argument is waived; rather "the relevant statute states that a district court reviewing a magistrate judge's recommendation *must* review de novo disputed portions of a magistrate's report and '*may* also receive further evidence.'" 306 F.3d at 183 n.9 (quoting 28 U.S.C. § 636(b)(1)). "Because Congress used the permissive term "may" in connection with the receipt of additional evidence, the question of whether to consider such evidence rests within the sound discretion of the district court." *Id.* Defendants did object to the deposition costs and printing fees in their opposition to Plaintiff's Bill of Costs. (ECF No. 166, at 1-2).

12

The magistrate judge considered Defendants' general argument that "'virtually all of the time' at the thirteen depositions Plaintiff took was devoted to claims that were ultimately unsuccessful," but noted that Defendants presented no evidence to support their assertion. (ECF No. 176, at 27, 31 (citing ECF No. 165, at 9-10)). The magistrate judge noted that four of the transcripts were introduced as joint exhibits at trial, and the remaining nine witnesses were listed as potential witnesses at trial by both Plaintiff and Defendants. (*Id.*, at 27-28, 31). The magistrate judge also discussed and again rejected Defendants' argument that all costs should be reduced by 80%. (*Id.*, at 30). Wait time charges of $81.25 were excluded, because Defendants specifically objected to the wait time and Plaintiff could not provide an explanation. (*Id.*, at 31-32). The magistrate judge also considered the expedited transcript, recognizing that such costs are not generally taxable, but allowed it as being reasonably necessary. (*Id.*, at 32). Printing costs were also considered and found to be specific enough, necessary for trial preparation, and reasonable in the context of the case overall. (*Id.*, at 33).

As discussed above, Defendants are required to "specify with particularity the basis for their objections." *Thompson*, 2002 WL 31777631, at *9. The magistrate judge did not shift the burden to Defendants but responded to the specific objections they made. The court has reviewed the record and the magistrate judge's

13

reasoning and adopts the magistrate judge's analysis and conclusion. Defendants' objection is overruled.

### B. Supplemental Motion

Plaintiff seeks to recover fees of $2,677.50 for time spent responding to Defendants' objections to the R&R and for drafting the supplemental fee petition. (ECF No. 182). Plaintiff attached a spreadsheet of time spent since May 1, 2022, which totals 8.5 hours spent by Mr. Balashov, Mr. Melehy, and a paralegal. (ECF No. 182-1.) Defendants lodge the same general objections as discussed above regarding Plaintiff's refusal to settle the case in light of the limited damages ultimately achieved, but they make no specific objections to any of the hours expended on the fee petition. (ECF No. 184). Defendants are reminded that "'the *degree* of the plaintiff's success' does not affect 'eligibility for a fee award.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 783 (1989)); *see also Mercer v. Duke Univ.*, 401 F.3d 199, 203 (4th Cir. 2005). Defendants' general objections are overruled.

Further, time spent preparing and defending a fee petition is compensable. *See Wondimante v. Assefa*, No. DKC 2004-3718, 2006 WL 8456990, at *11 (D.Md. Oct. 12, 2006) (citing *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 n.1 (4th Cir. 1992)); *see also Ganey v. Garrison*, 813 F.2d 650, 652 (4th Cir. 1987) (noting that time spent

defending entitlement to attorneys' fees is properly compensable). Plaintiff used the hourly billing rates previously accepted by the magistrate judge. The court notes that there may be arithmetical errors in the calculations, but the corrected calculations total $2,722.50,[3] which is $45 more than Plaintiff requested. Accordingly, the court grants Plaintiff's motion for the requested amount of $2,677.50.

## IV. Conclusion

For the foregoing reasons, Defendants' objections to the Report and Recommendation are overruled. Upon consideration of the record and having found no clear error, the findings and conclusions of the Magistrate Judge's Report and Recommendation (ECF No. 176) will be adopted.

A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[3] Time spent on May 27, 2022 and December 1, 2022 were billed as $0.00. (ECF No. 182-1). The non-charged activities are for reviewing the referral order and calendaring the deadline. (*Id.*) Although not explained, these are reasonable exclusions.